

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:07-CR-222-L |
| | § | **ECF** |
| DAYTON LEE CALAWAY (01) | § | |

## PLEA AGREEMENT

Dayton Lee Calaway, the defendant, C. Mark Nelon, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Calaway understands that he has the rights

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Calaway waives these rights and pleads guilty to the offense alleged in Count One of the indictment, charging possession of an unregistered firearm (destructive device), in violation of 26 U.S.C. §§ 5845(a)(8), 5845(f)(1)(A)(B)&(D), 5861(d) and 5871. Calaway understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has

Plea Agreement - Page 1

signed is true and will be submitted as evidence.

3. **Sentence**: The minimum and maximum penalties the Court can impose for Count One include:

   a. imprisonment for a period not to exceed 10 years;

   b. a fine not to exceed $250,000;

   c. a term of supervised release of not more than 3 years, which may be mandatory under the law and will follow any term of imprisonment. If Calaway violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d. a mandatory special assessment of $100;

   e. restitution to victims or to the community, which may be mandatory under the law, and which Calaway agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

   f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines**: Calaway understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Calaway has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Calaway will not be allowed to withdraw his plea if his sentence is higher than expected. Calaway fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the

Court.

5.  **Mandatory special assessment**: Calaway agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6.  **Defendant's cooperation**: Calaway shall cooperate with the government by giving truthful and complete information and/or testimony concerning his participation in the offense of conviction and knowledge of criminal activities. Upon demand, Calaway shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. The government will advise the Court of the extent of Calaway's cooperation.

Calaway agrees that the following property is subject to forfeiture: a destructive device commonly known as a "Molotov cocktail," being an incendiary bomb, grenade, or similar device, that consisted of a liquor-type glass bottle containing a liquid and granular mixture of gasoline and chlorine with a wick made of cloth material protruding out of the bottle mouth from this mixture, which is the unregistered firearm (destructive device) described in Count One of the indictment. Calaway agrees the property is also subject to forfeiture in accordance with 18 U.S.C. § 924(d) and agrees to the forfeiture of the property civilly, either in an administrative or judicial proceeding, pursuant to 18 U.S.C. §§ 981 and 983 or 19 U.S.C. §§ 1607-1609. Calaway agrees he will not file a claim to the property in the civil administrative or civil judicial forfeiture proceeding, and if he has

filed a claim to the property in such a proceeding, he will execute the necessary documents to withdraw said claim and any other documents as requested by the government to effect the forfeiture of the property and the transfer of his interest in it to the government. Calaway waives any time limits regarding the filing of a civil administrative or civil judicial forfeiture proceeding as provided in 18 U.S.C. § 983, 18 U.S.C. § 924(d) or any other applicable statute of limitations. Calaway agrees to provide truthful information and evidence necessary for the government to effect the forfeiture of the property. Calaway agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the property.

7. **Government's agreement**: The government will not bring any additional charges against Calaway based upon the conduct underlying and related to Calaway's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending indictment. If, in its sole discretion, the government determines that Calaway has provided substantial assistance in the investigation or prosecution of others, it will file a motion urging sentencing consideration for that assistance. Whether and to what extent to grant the motion are matters solely within the Court's discretion. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Calaway or any property.

8. **Violation of agreement**: Calaway understands that if he violates any

provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Calaway for all offenses of which it has knowledge. In such event, Calaway waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Calaway also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: Calaway waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Calaway, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel**: Calaway has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal

representation. Calaway has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Calaway has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Agreed to and signed this ___8___ day of January, 2008.

RICHARD B. ROPER
UNITED STATES ATTORNEY

_____
DAYTON LEE CALAWAY
Defendant

_____
GARY C. TROMBLAY
Assistant United States Attorney
Louisiana Bar Roll No. 22665
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214.659.8600
Fax: 214.767.4100

_____
C. MARK NELON
Attorney for Defendant

_____
DANIEL D. GUESS
Deputy Criminal Chief

Plea Agreement - Page 6

## CERTIFICATE

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_Dayton Calaway_       1-8-2008
DAYTON LEE CALAWAY      Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_C. Mark Nelon_      8 January 2008
C. MARK NELON      Date
Attorney for Defendant